# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CENTURY INDEMNITY COMPANY,

              Petitioner,

      v.

EQUITAS INSURANCE LIMITED, ACCIDENT
& CASUALTY INSURANCE COMPANY,
ANDREW DRYSDALE LTD., BRITISH LAW
INSURANCE COMPANY, BRITISH TRADERS
GRE, DELTA-LLOYD INSURANCE COMPANY,
EDINBURGH INSURANCE COMPANY,
LONDON & HULL MARITIME INSURANCE
COMPANY, LONDON HULL MARKET,
MOTOR UNION INSURANCE COMPANY,
NATIONAL CASUALTY COMPANY,
NATIONAL CASUALTY OF AMERICA
LIMITED, NORTHERN MARITIME
INSURANCE COMPANY, SPHERE DRAKE
INSURANCE LTD., AND HARPER
INSURANCE LIMITED,

              Respondents.

: : : : : : : : : : : : : : : : : : : : :

11-cv-1034 (NRB)(GWG)

CIVIL ACTION NO. ECF CASE

## 11 CIV 1034

NOTICE OF PETITION TO
CONFIRM ARBITRATION
AWARD



**PLEASE TAKE NOTICE** that upon the annexed affidavit of Andrew I. Hamelsky,

affirmed on February 15, 2011, and the exhibits attached thereto, along with the accompanying

Memorandum of Law in support, the Petitioner, CENTURY INDEMNITY COMPANY, will

petition the United States District Court, Southern District of New York, at the Daniel Patrick

Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007 on a date

and at a time designated by the court, for an order pursuant to Section 207 of the Federal

Arbitration Act, 9 U.S.C. § 207, confirming the Final Order and Protocol dated July 24, 2009

issued by the Panel upon agreement of the Petitioner and Respondents.

Respectfully Submitted,

OF COUNSEL:                          WHITE AND WILLIAMS LLP
Christine G. Russell
David Weiss
1650 Market Street                   By: _____
One Liberty Place, Suite 1800              Andrew I. Hamelsky
Philadelphia, PA  19103                    SDNY: AH6643
(215) 864-6301/7039                        One Penn Plaza
russellg@whiteandwilliams.com              41st Floor, Suite 4100
weissd@whiteandwilliams.com                New York, NY 10119
                                           (212) 631-4406
                                           hamelskya@whiteandwilliams.com

Dated: February 15, 2011
                                     *Attorneys for Petitioner*
                                     *Century Indemnity Company*


To:     Jack B. Gordon, Esquire
        Baach, Robinson & Lewis PLLC
        1201 F Street, NW
        Suite 500
        Washington DC 20004


        Brian E. O'Donnell
        Riker, Danzig, Scherer, Hyland, & Perretti LLP
        One Speedwell Avenue
        Morristown, New Jersey 07962-1981

2

7154241v.3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CENTURY INDEMNITY COMPANY, | : | |
| | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | |
| | : | |
| EQUITAS INSURANCE LIMITED, ACCIDENT | : | |
| & CASUALTY INSURANCE COMPANY, | : | |
| ANDREW DRYSDALE LTD., BRITISH LAW | : | PETITION TO CONFIRM |
| INSURANCE COMPANY, BRITISH TRADERS | : | ARBITRATION AWARD |
| GRE, DELTA-LLOYD INSURANCE COMPANY,: | | |
| EDINBURGH INSURANCE COMPANY, | : | |
| LONDON & HULL MARITIME INSURANCE | : | |
| COMPANY, LONDON HULL MARKET, | : | |
| MOTOR UNION INSURANCE COMPANY, | : | |
| NATIONAL CASUALTY COMPANY, | : | |
| NATIONAL CASUALTY OF AMERICA | : | |
| LIMITED, NORTHERN MARITIME | : | |
| INSURANCE COMPANY, SPHERE DRAKE | : | |
| INSURANCE LTD., AND HARPER | : | |
| INSURANCE LIMITED, | : | |
| | : | |
| | : | |
| Respondents. | : | |

## CENTURY INDEMNITY COMPANY'S
## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Century Indemnity Company ("Century"), by its counsel White and Williams

LLP, hereby moves this Court to enter an order confirming the Final Order and Protocol dated

July 24, 2009 issued by the Panel upon agreement of the Petitioner and Respondents.


Respectfully Submitted,

7154241v.3

OF COUNSEL:
Christine G. Russell
David Weiss
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA  19103
(215) 864-6301/7039
russellg@whiteandwilliams.com
weissd@whiteandwilliams.com

Dated: February 15, 2011

WHITE AND WILLIAMS LLP

By: _____
Andrew I. Hamelsky
SDNY: AH6643
One Penn Plaza
41st Floor, Suite 4100
New York, NY 10119
(212) 631-4406
hamelskya@whiteandwilliams.com

*Attorneys for Petitioner*
*Century Indemnity Company*

2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CENTURY INDEMNITY COMPANY, | : | |
| | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | |
| | : | |
| EQUITAS INSURANCE LIMITED, ACCIDENT | : | |
| & CASUALTY INSURANCE COMPANY, | : | |
| ANDREW DRYSDALE LTD., BRITISH LAW | : | AFFIDAVIT OF ANDREW I. |
| INSURANCE COMPANY, BRITISH TRADERS | : | HAMELSKY IN SUPPORT OF |
| GRE, DELTA-LLOYD INSURANCE COMPANY, | : | PETITION TO CONFIRM |
| EDINBURGH INSURANCE COMPANY, | : | ARBITRATION AWARD |
| LONDON & HULL MARITIME INSURANCE | : | |
| COMPANY, LONDON HULL MARKET, | : | |
| MOTOR UNION INSURANCE COMPANY, | : | |
| NATIONAL CASUALTY COMPANY, | : | |
| NATIONAL CASUALTY OF AMERICA | : | |
| LIMITED, NORTHERN MARITIME | : | |
| INSURANCE COMPANY, SPHERE DRAKE | : | |
| INSURANCE LTD., AND HARPER | : | |
| INSURANCE LIMITED, | : | |
| | : | |
| Respondents. | : | |

I, ANDREW I. HAMELSKY, ESQUIRE, of full age, do hereby certify and say as follows:

1.     I am an attorney at law of the State of New York and a partner with the law firm of White and Williams LLP, attorneys for Petitioner Century Indemnity Company, successor to Insurance Company of North America ("Century"). As such, I have full knowledge of the facts set forth herein.

2.     I submit this Affidavit in Support of the within Petition to Confirm Arbitration Award pursuant to Section 207 of the Federal Arbitration Act, 9 U.S.C. § 207, confirming the Final Order and Protocol dated July 24, 2009 issued by the Panel upon agreement of the Petitioner and Respondents.

## THE PARTIES

3.      Century is a Pennsylvania company with its principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania, 19106.

4.      Upon information and belief, at all relevant times, one or more of the Respondents is a foreign company with a principal place of business outside the United States, and is not a citizen of the United States.  Respondents and their corporate predecessors are hereinafter collectively referred to as "London Market Reinsurers" or "LMR."

## JURISDICTION AND VENUE

5.      This Petition is submitted under Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201-208, which provides for enforcement of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"). *See* 9 U.S.C. § 201.  This proceeding involves commercial arbitration agreements that are not entirely between citizens of the United States, and thus falls within the New York Convention. *See* 9 U.S.C. § 202.

6.      This Court has subject matter jurisdiction in this case pursuant to Section 203 of the Federal Arbitration Act, which provides:  "An action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States.  The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."  9 U.S.C. § 203; *accord* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

7.      This Court has personal jurisdiction over LMR because the reinsurance contracts at issue in the subject arbitration expressly provide that LMR "will submit to the jurisdiction of

any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court." *See*, Global Slip 1969-71 Layer 1 and 2 treaty wordings, attached as Exhibits 1-3 to the accompanying memorandum of law, at Art. 20.

8.     Venue is proper in this district because Section 204 of the Federal Arbitration Act provides that a petition to confirm an arbitration award under the New York Convention "may be brought in any such court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought . . . ." 9 U.S.C. § 204.  In the absence of an agreement to arbitrate between the parties, Century could have sued LMR in this Court.

## BACKGROUND

9.     In a reinsurance treaty, a reinsurer agrees to indemnify the reinsured with respect to a specified portion of the reinsured's obligations under insurance policies issued by the reinsured, in exchange for a portion of the premium paid to the reinsured for the underlying insurance policies.

10.     LMR participated as Century's reinsurers under Century's Blanket First Excess of Loss Cover and Blanket Second Excess of Loss Cover ("Global Slip" or the "Treaty") for treaty years January 1, 1969 through December 31, 1971. *See, e.g.*, Exhibits 1-3 to the accompanying memorandum of law.

11.     In 2001, LMR unilaterally announced to Century that new documentation requirements must henceforth be met before LMR would pay asbestos losses under Global Slip (or any other Century treaty reinsured by LMR).

3

12.    For years thereafter, between 2001 and 2005, LMR repeatedly withheld and delayed payment based on, *inter alia,* the contention that such requirements were not met, insisting on voluminous documentation and/or repeated and exhaustive auditing before payments would be made, if they were made at all.

13.    The Treaty contains an arbitration clause, which provides that the decision of the arbitration panel shall be "final and binding" upon all parties. *See, e.g.,* Exhibit 1 at Art. 22; Exhibit 2 at Art. 22 and CL 162 attached to the accompanying memorandum of law.

14.    Believing that LMR's unilaterally-imposed requirements were extra-contractual and improper, and that LMR were merely delaying or avoiding payment thereby, Century initiated arbitration against LMR pursuant to the arbitration clause in the Treaty, to address what had seemingly become a pattern and practice of failure to timely pay claims.

15.    In the arbitration, Century sought, *inter alia,* payments of then-outstanding reinsurance billings plus interest, a declaration of the parties' respective rights and obligations under the payment and records inspection provisions of the Treaty, certain declarations regarding LMR's obligations to pay future billings, and such other relief as the arbitration panel deemed appropriate to ensure that LMR would meet their contractual obligations to Century going forward.

16.    Pursuant to a court order, separate arbitration panels were originally created as respects Global Slip Layer 1 and Global Slip Layer 2; following disclosures, those panels were accepted by the parties.

17.    As it happened, those panels ended up being identical, and the parties proceeded with a single arbitration before that panel (the "Panel") in relation to both layers.

4

18.     Century and LMR subsequently agreed to resolve their dispute through a Final Order and Protocol (the "Arbitration Award"), which was issued by the Panel by agreement of the parties on July 24, 2009.  A copy of that Arbitration Award is attached to the accompanying memorandum of law as Exhibit 5.[1]

## THE AWARD SHOULD BE CONFIRMED

19.     Section 207 of the Federal Arbitration Act provides that a party may seek to have an arbitration award that falls under the New York Convention confirmed within three years of the date the award was made, and that a court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [New York] Convention." 9 U.S.C. § 207.

20.     None of the grounds for refusal or deferral of recognition or enforcement of an award apply here.

21.     Moreover, the time for LMR to challenge the Arbitration Award has long since passed. *See* 9 U.S.C. § 12 (providing that a party must move to vacate (under 9 U.S.C. § 10) or modify or correct (under 9 U.S.C. § 11) an award within three months after the award is filed or delivered).  LMR have not moved to vacate, modify or correct the Arbitration Award within the required three-month period, nor are any of the grounds specified in 9 U.S.C. § 10 for vacating or 9 U.S.C. § 11 for modifying or correcting the Arbitration Award applicable here.  Therefore, this Court should confirm the Arbitration Award pursuant to 9 U.S.C. § 207.

22.     I declare under penalty and perjury that the foregoing is true and correct.

---

[1] Century is concurrently filing a motion requesting that the Court maintain the Affidavit of Andrew I. Hamelsky, Esquire in Support of Century's Petition to Confirm, the Memorandum of Law in Support of Century's Petition to Confirm, and the exhibits attached thereto, including Arbitration Award, under seal for the reasons set forth therein.

5

WHEREFORE, for the reasons stated herein, and as more fully explained in the accompanying Memorandum of Law, Century requests that this Court enter an order confirming the Arbitration Award.

Respectfully Submitted,

OF COUNSEL:
Christine G. Russell
David Weiss
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA  19103
(215) 864-6301/7039
russellg@whiteandwilliams.com
weissd@whiteandwilliams.com

WHITE AND WILLIAMS LLP

By: _____
Andrew I. Hamelsky
SDNY: AH6643
One Penn Plaza
41st Floor, Suite 4100
New York, NY 10119
(212) 631-4406
hamelskya@whiteandwilliams.com

Dated: February 15, 2011

*Attorneys for Petitioner*
*Century Indemnity Company*

6

7154241v.3